FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 25  AM 7: 36

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MAYNELL J. ROTH                                    CIVIL ACTION

VERSUS                                             NUMBER: 05-2691

GOODWILL INDUSTRIES, SELA, INC.                    SECTION: "S"(5)

## REPORT AND RECOMMENDATION

On June 27, 2005, Maynell J. Roth, plaintiff herein, through counsel, filed the above-captioned complaint for alleged employment discrimination against defendant, Goodwill Industries, SELA, Inc. (Rec. doc. 1). At that time, one summons was issued and was forwarded to plaintiff's counsel for the purpose of effecting service on the named defendant in the manner prescribed by Rule 4, Fed.R.Civ.P. (Rec. doc. 2).

In accordance with Local Rule 16.2E, after over four months had passed and a review of the record revealed that no service returns or waivers of service had been filed therein indicating that service had been made on the named defendant, the Court ordered plaintiff to show cause, on February 15, 2006 at 11:00 a.m., as to why her lawsuit should not be dismissed for failure to prosecute. (Rec. doc. 3). Plaintiff then requested the reissuance of summons as to the named defendant and subsequently filed a motion for an extension of time within which to effect service. (Rec. doc. 4, 5, 6). That motion was granted on February 17, 2006, giving plaintiff an additional

___ Fee_____
___ Process_____
_X_ /Dktd _____
___ CtRmDep_____
___ Doc. No_____

twenty days within which to effect service. (Rec. doc. 8). By separate order dated February 15, 2006, plaintiff was cautioned that her failure to effect service would result in a recommendation that her lawsuit be dismissed for failure to prosecute. (Rec. doc. 6). Unfortunately, despite the passing of the extension, a review of the record does not reveal that any further action has been taken in this case.

Rule 4(m), Fed.R.Civ.P., provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service of an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the one hundred twenty-day period prescribed the Rule 4(m) and its predecessor. See, e.g., Lambert v. United States, 44 F.3d 296 (5th Cir. 1995); Peters v. United States, 9 F.3d 344 (5th Cir. 1993); McGinnis v. Shalala, 2 F.3d 548 (5th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct. 1293 (1994); Trania v. United States, 911 F.2d 1155 (5th Cir. 1990).

It has now been over nine months since this lawsuit was filed and proof of service on the named defendant is lacking. By scheduling the rule to show cause, the Court hoped to bring this deficiency to the attention of plaintiff and to impress upon her the need to prosecute her case. Unfortunately, despite having been granted an additional twenty days within which to effect service, no further activity has been taken in this case. As plaintiff is represented by counsel, these failures are attributable to counsel alone. Accordingly, it will be recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed without prejudice for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attaching on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this _____ day of April, 2006.



ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE