UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAYNELL J. ROTH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2691** |
| **GOODWILL INDUSTRIES SELA, INC.** | **SECTION "S" (5)** |

### ORDER AND REASONS

**IT IS ORDERED** that Goodwill Industries of Southeast Louisiana, Inc.'s motion for summary judgment is **GRANTED** as to claims of racial discrimination and **DENIED** as to claims of age discrimination.

### BACKGROUND

Plaintiff, Maynell J. Roth, filed suit against Goodwill Industries of Southeast Louisiana, Inc. alleging that Goodwill terminated her employment on or about December 7, 2004, because of her race and her age in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Roth began working for Goodwill on April 26, 1994. In February 2004, Roth was promoted to a Career Development Specialist ("Specialist"), when she was fifty-one years old. Later that year, Goodwill terminated Roth's employment, and Roth alleges that the termination was based on her race and age.[1] Goodwill argues that Roth was terminated for poor job

---

[1] In her opposition, Roth has clarified that she is not asserting retaliation claims against Goodwill.

performance because she did not maintain monthly contacts with customers nor remove inactive cases from her caseload. Goodwill has filed a motion for summary judgment arguing that Roth has no evidence to support her claims, and she cannot demonstrate a prima facie case of either race or age discrimination.

## DISCUSSION

### A.     Standard of Review

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

### B.     Motion for Summary Judgment

#### *1.     Applicable Law*

Goodwill alleges that Roth's claims of race and age discrimination must be dismissed because she has admitted that she has no evidence sufficient to support either claim. Section 2000e-2(a) of Title VII of the Civil Rights Act of 1964 provides:

It shall be an unlawful employment practice for an employer-

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms,

>conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
>(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a) (1994).

>Section 623(a) of the ADEA states:
>
>It shall be unlawful for an employer-
>
>(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
>
>(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
>
>(3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. § 623(a) (1999).

Racial and age discrimination claims are evaluated under the same analytical framework. *Evans* v. *City of Houston*, 246 F. 3d 344, 349 (5th Cir. 2001). Plaintiff can prove a claim of intentional discrimination by either direct or circumstantial evidence. *Russell v. McKinney Hospital Venture*, 235 F. 3d 219, 222 (5th Cir. 2000). Without direct evidence of discriminatory intent, circumstantial evidence is proper and will be analyzed under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-803, 93 S. ct. 1817, 36 L.Ed.2d 668 (1973). *Id*.

To succeed on race or age claims, the plaintiff must prove a prima facie case of race discrimination and/or age discrimination. *Evans* v. *City of Houston*, 246 F. 3d at 349. To establish a prima facie case of race discrimination, Roth needs to prove that she was a member of a protected

3

class; (2) that she was qualified for the position; (3) that she was subject to an adverse employment action; and (4) that she was replaced by someone outside the protected class. *Shackelford v. Deloitte & Touche, L.L.P.*, 190 F. 3d 398, 404 (5th Cir. 1999)(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-803, 93 S. ct. 1817, 36 L.Ed.2d 668 (1973)).

Similarly, to establish a prima facie case for age discrimination, Roth must prove that (1) she was discharged; (2) she was qualified for her position; (3) she was within the protected class; and (4) she was replaced by someone outside the protected class, someone younger, or was otherwise discharged because of age. *Russell,* 235 F. 3d at 223-24.

Once the plaintiff establishes a prima facie case of race and/or age discrimination, the burden shifts to the defendant to produce a legitimate, nondiscriminatory reason for the employment action. *Russell*, 235 F. 3d at 222 (citing *McDonnell Douglas,* 411 U.S. at 802). "The burden on the employer is only one of production, not persuasion, involving no credibility assessments." *Id*. (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255-56 (1981)).  Once the defendant employer carries its burden that there was a legitimate reason for its decision, the "mandatory inference of discrimination" created by the plaintiff's prima facie case is removed and the factfinder must decide whether the plaintiff has proven intentional discrimination. *Id*. (citations omitted).

The plaintiff may meet her ultimate burden with evidence tending to show that the reason offered by the defendant is a pretext for discrimination. *Sandstad v. CB Richard Ellis, Inc*., 309 F. 3d 893, 897 (5th Cir. 2002) (citing *McDonnell Douglas*, 411 U.S. at 804). "Evidence demonstrating the falsity of the defendant's explanation, taken together with the prima facie case, is likely to support an inference of discrimination even without further evidence of defendant's true motive."

*Id.* (citing *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 147-48 (2000)). "Thus, the plaintiff can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation." *Id.*

   2.   *Roth's Claims*

      a)   **Race**

Roth claims that her employment was terminated because of her race. To succeed on this claim, Roth needs to prove that she was a member of a protected class; (2) that she was qualified for the position; (3) that she was subject to an adverse employment action; and (4) that she was replaced by someone outside the protected class.

Roth, an African American, was terminated from her position as Specialist on December 7, 2004. At that same time, Goodwill employed nine other Specialists and four of those nine were also terminated at the same time that Roth was terminated. All five of the terminated Specialists were African American, and the four remaining Specialists were also African American. In order to replace Roth and the other four Specialists, Goodwill hired new Specialists, four African Americans and one Caucasian. In order the state a prima facie case of race discrimination, Roth must show that she was replaced by the Caucasian. However, Roth concedes that she "believes that she was replaced by someone ***not outside*** her protected class."[2](emphasis added). Roth is unable to fulfill all of the elements under the *McDonnell Douglas* analysis because she has not demonstrated that she was replaced by someone outside of her protected class.

---

[2]Opposition to Motion for Summary Judgment at p. 12.

**b)** **Age**

Generally, the same analytical framework applies in determining whether Roth has established a prima facie case of age discrimination as in determining race discrimination. Goodwill concedes that Roth can establish a prima facie case of age discrimination because all five of the Specialists hired after Roth was terminated were under the age of forty. At the time of her termination, Roth was fifty-one years old.

Once a prima facie case of age discrimination has been demonstrated, the burden shifts to Goodwill to demonstrate a legitimate, nondiscriminatory reason for the termination. Goodwill argues that Roth was terminated because of poor job performance and failure to follow her supervisor's orders. Goodwill contends that as part of her job, Roth was required to maintain monthly contact with program participants, which Roth failed to do. Goodwill contends that an audit of Roth's files demonstrated that she contacted only twenty-three of one hundred and twenty-seven program participants. In addition, Goodwill contends Roth did not exit inactive cases within the internal deadlines.

Roth has submitted an affidavit stating that one of the Goodwill supervisors, Michael Menzies, stated in Roth's presence that Goodwill intended to replace older Specialists with younger ones.[3] Roth represents that Menzies also stated that the Board of Directors of Goodwill was looking into replacing the older ones with younger ones,[4] and contends that just two months after these statements were made, she was fired.[5] Roth has also submitted the affidavit of Marian Hunter,

---

[3] Affidavit of Maynell Roth, at ¶ 7.

[4] *Id.* at ¶ 8.

[5] *Id.* at ¶ 9.

another former employee of Goodwill, who has stated that Menzies explained that Goodwill intended to replace older Specialists with younger ones and subsequently, older employees were fired.[6]

In order for age-related comments in the workplace to provide sufficient evidence of discrimination, they must be "1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the terminations; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue." *Brown v. CSC Logic, Inc*., 82 F.3d 651, 655 (5th Cir.1996).  Comments that are "vague and remote in time" are insufficient to establish discrimination.  *Id.*   Specific comments made over a lengthy period of time are sufficient.  *Id*. at 656.

In this case, the alleged comments were related to age; they were made just two months before Roth was terminated; Goodwill admits that Menzies recommended that Roth be terminated, which recommendation Goodwill accepted;[7] and the comments were arguably related to Roth's termination.  The affidavits of Roth and Hunter are sufficient to create an issue of fact regarding whether Goodwill's articulated rationale for termination was a mere pretext for age discrimination. Accordingly, Goodwill's motion for summary judgment is denied regarding the age discrimination claim.

## CONCLUSION

Goodwill's motion for summary judgment is granted as to the claims of racial discrimination and denied as to claims of age discrimination.

---

[6]Affidavit of Marian Hunter, at ¶¶ 9 &10.

[7]Goodwill's Statement of Uncontested Facts, at ¶ 9.

New Orleans, Louisiana, this __18th__ day of September, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**